**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TYLER P. PARRENT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 3:24-cv-01370-GCS** |
| ) | |
| **SOLVAY FLUORIDES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Now before the Court are Defendant Solvay Fluorides, LLC's Motion to Dismiss Counts IV and V of the Plaintiff's Petition and supporting memorandum. (Doc. 14, 15). Counts IV and V of Plaintiff's Complaint set out Defendant's alleged violations of the Illinois Human Rights Act ("IHRA"), 775 ILL. COMP. STAT. § 5/1-101 *et seq*. (Doc. 1-1, p. 14-16).[1] On June 4, 2024, Plaintiff filed a Response in Opposition to Defendant's Motion. (Doc. 20). For the reasons set forth below, the motion to dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 11, 2024, Plaintiff filed a Complaint against Defendant alleging violations of the Illinois Whistleblower Act for his termination, the IHRA for disability and religious discrimination, and state law for retaliatory discharge, wrongful termination, intentional

---

[1]    The Complaint erroneously labels both claims as "Count IV." Plaintiff has clarified that Count IV references his disability discrimination claim under the IHRA, and Count V his religious discrimination claim. (Doc. 20, p. 6).

infliction of emotional distress, and negligence. (Doc. 1-1).[2] Plaintiff seeks compensatory damages, punitive damages, and "all other relief allowed by law." *Id.* at p. 17.

The Complaint alleges the following facts relevant to the pending motion:

Plaintiff was employed as a technical services specialist by Defendant, where he provided maintenance services from October 24, 2022, until his termination on October 12, 2023. (Doc 14-1, p. 1). At some point prior to his termination, Plaintiff reported to unspecified government officials that Defendant's trucks were unsafe and not fit for the road. *Id.* at p. 2. He also told his management that the trucks were unsafe, that a recently deceased trucker's death should have been reported, and that he would not participate in Defendant's illegal activities. *Id.* Following Plaintiff's conversations with the government and Defendant's  management, he experienced "conduct designed to result in [his] termination." *Id.* at p. 2-3. This included inquiries from other employees about his disability status and religion, a failure to accommodate his disability, harassment, and an unsafe work environment. Additionally, Defendant "transmitted nude photographs" to Plaintiff. *Id.*

At some point, Plaintiff reported Defendant's harassment. (Doc 14-1, p. 3). He was then "intentionally verbally abused" by Defendant and terminated for whistleblowing. *Id.* He also argues that Defendant blacklisted him and then improperly reported to the Illinois Department of Employment Security that he was terminated for misconduct. *Id.*

Defendant now moves to dismiss Counts IV and V of Plaintiff's Complaint under

---

[2]    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant removed the case from the Circuit Court of St. Clair County, Illinois, on May 22, 2024. (Doc. 1).

Rule 12(b)(6) because they fail to allege essential elements of disability and religious discrimination under the IHRA. (Doc. 15, p. 2-6). Plaintiff opposes Defendant's motion, arguing that his Complaint adequately addressed each of the mandatory pleading elements for the two claims. (Doc. 20, p. 3, 6-8).

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. PROC. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the complaint as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh* v. *Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citation omitted). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555; *see also Ashcroft* v. *Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). However, if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle [him] to relief[,]" the Court must dismiss the claim. *Mattice v.*

*Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001) (citation omitted).

DISCUSSION

As a preliminary matter, Illinois courts evaluating discrimination claims under the IHRA apply the same standards as those in Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). *See, e.g., Volling v. Kurtz Paramedic Services, Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (stating that "Illinois courts apply the federal Title VII framework to IHRA claims.") (citing *Rabé v. United Air Lines, Inc.*, 971 F.Supp.2d 807, 821 (N.D. Ill. 2013); *Zaderaka v. Illinois Human Rights Com'n.*, 545 N.E.2d 684, 687 (Ill. 1989) (adopting analytical framework as established in Supreme Court decisions addressing Title VII claims for employment discrimination claims under the IHRA); *Tate v. Dart*, 51 F.4th 789, 793 (7th Cir. 2022) (noting that "Illinois courts analyze IHRA claims under a framework that is practically indistinguishable from the ADA framework, . . . ."). Accordingly, the Court uses the statutory frameworks mentioned above to evaluate Plaintiff's disability and religious discrimination claims under the IHRA.

**A.      Count IV- IHRA Disability Discrimination Claim**

To sufficiently plead disability discrimination under the IHRA, Plaintiff must allege "facts showing that (1) he is disabled; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Gogos v. AMS Mechanical Systems, Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (citations omitted) (internal quotation

marks omitted).[3]

As to the first prong, Defendant argues that Plaintiff's claim of disability discrimination must be dismissed because he failed to allege that he is disabled or to clarify the nature of his disability. (Doc. 15, p. 2-3). Plaintiff, for his part, does not contest this. (Doc. 20, p. 5). Instead, Plaintiff argues that he is not required to plead such "minutia details" to satisfy federal notice pleading standards. *Id.*

Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). To support his disability discrimination claim, Plaintiff alleges that Defendant discriminated against Plaintiff when other employees inquired about his "disability as a military veteran, including his medical history, and him having license plates designating him as 'disabled.'" (Doc. 1-1, p. 7). In essence, Plaintiff references external factors suggesting disability but falls short of actually identifying a physical or mental impairment.

The Seventh Circuit has recognized that, although "[t]he general rule in federal court calls only for notice pleading, but some theories of recovery require more detail

---

[3]    In his response to the Motion to Dismiss, Plaintiff discusses an alternative three-step test for disability discrimination articulated in *Applegate v. Illinois Human Rights Comm'n*, 2020 IL App (1st) 191419-U, at *45 (Dec. 22, 2020). (Doc. 20, p. 3). That test requires Plaintiff to show that: "(1) he is disabled as defined in the Human Rights Act; (2) an adverse action was taken against the employee due to his disability; and (3) the disability is unrelated to the petitioner's ability to perform the functions of his job." *Id. Applegate* is an unreported appellate case and thus holds no precedential weight. As an additional matter, the Court notes that Plaintiff also includes in his response an excerpt from *Applegate* containing a test for an actionable claim for harassment or hostile work environment. (Doc. 20, p. 2). However, Plaintiff does not raise harassment or hostile work environment claims in his Complaint.

than others in order to give the required notice." *Freeman v. Metropolitan Water Reclamation District of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). An ADA claim is one such theory of recovery. "[A] plaintiff advancing a claim under the ADA must allege that he is disabled" . . . [and] "[n]ormally he also must allege what exactly makes him disabled." *Id. See also Tate v. SCR Medical Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (holding that the plaintiff failed to provide the defendant notice of his ADA claim where he only stated that "Defendant was aware of my disability" and "I was discriminated against because of my disability").

In *Mohammed v. DuPage Legal Assistance Foundation,* the Seventh Circuit applied its ruling in *Tate* to pleading requirements for an ADA claim. No. 19-1207, 781 Fed. Appx. 551, 552-553 (7th Cir. Oct. 22, 2019). In *Mohammed*, the plaintiff supported his ADA claim with vague allegations that he had "Emotional Disabilities," but never identified his emotional disabilities or alleged that they limited a substantial major life activity, that he had any record of disability, or that the defendant regarded him as disabled. *Id.* at 552-553. Based on those facts, and the plaintiff's failure to identify his disability even after the district court afforded him a chance to cure the complaint's defects, the Seventh Circuit held that the district court properly dismissed his claims because they did not provide the defendant fair notice. *Id.* at 553.

Like the plaintiff in *Mohammed*, Plaintiff provides nothing more than vague suggestions that he is disabled. In support of his claim of discrimination, Plaintiff briefly references his military veteran status, medical history, and disabled license plates. (Doc. 1-1, p. 7). First, Plaintiff's allegations that Defendant's employees inquired into his

military veteran status, without more, is insufficient to allege that he is disabled. *C.f. Eiler v. City of Pana*, No. 14-3574, 606 Fed. Appx. 305, 306 (7th Cir. June 2, 2015) (finding that the plaintiff properly stated an ADA claim where she alleged that she was disabled and supported her allegation with a record of military discharge because of a disability). Second, Plaintiff does not identify his mental or physical impairment or how that impairment limits a major life activity. *See, e.g.*, *Harris v. Martinez*, No. 22-cv-00373, 2023 WL 3504930, at *4 (N.D. Ill. May 17, 2023) (finding that Plaintiff sufficiently alleged a disability where she stated that "she had a physical impairment (foot surgery) that substantially limited a major life activity (walking)[.]"). Whereas the plaintiff in *Mohammed* alleged that he had "Emotional Disabilities," Plaintiff does not specify whether his disability is mental or physical. *Mohammed*, 781 Fed. Appx. at 552-553. Although Plaintiff alleges that Defendant's employees inquired into his medical history—which, construed generously, could suggest that his medical history contains a record of a disability—he does not specify what disability the history would reveal. Neither does he allege that Defendant knew about his disability.

On the other hand, Plaintiff's reference to his disabled license plates indicates the existence of a disability in general. (Doc. 1-1, p. 7). Nevertheless, the Seventh Circuit has found that a plaintiff must identify the disability to satisfy notice pleading standards. *See Tate*, 809 F.3d 345-346. There are numerous disabilities which could qualify Plaintiff for disabled license plates, and there is nothing in the Complaint pointing to a specific disability. As Plaintiff has not sufficiently identified his disability to put Defendant on

fair notice, his IHRA disability discrimination claim must be dismissed.[4]

## B.    Count V - IHRA Religious Discrimination Claim

To state a claim of religious discrimination under the IHRA, a plaintiff must allege that "(1) the observance or practice conflicting with an employment requirement is religious in nature; (2) the employee called the religious observance or practice to the employer's attention; and (3) the religious observance or practice was the basis for the employee's discharge or other discriminatory treatment." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (citation omitted) (internal quotations omitted).[5] Religion under the IHRA "includes all aspects of religious observance and practice, just as in Title VII." *Robinson v. Vill. of Oak Park*, 990 N.E.2d 251, 259 (Ill. Ct. App. 1st Dist. 2013). Defendant argues that Plaintiff's IHRA religious discrimination claim must be dismissed because he fails to adequately allege facts in support of his claim. (Doc. 15, p. 5-6). In response, Plaintiff asserts that he sufficiently alleged religious discrimination based on his statement in the Complaint that "Defendant violated the Illinois Human Rights Act by discriminating against him for his religious preference."(Doc. 20, p. 6). The Court agrees with Defendant.

---

[4]    Defendant also argues that Plaintiff failed to plead the second and third prongs of his IHRA disability claim: that he is qualified to perform an essential function of the job with or without reasonable accommodation, and that he suffered an adverse employment action because of his disability. However, as the Court has already dismissed the claim for failure to identify his disability in satisfaction of the first prong, the Court declines to address Defendant's arguments on the remaining elements. (Doc. 15, p. 2-3).

[5]    According to the practice of Illinois courts, the Court again analyzes Plaintiff's IHRA claims under the same standards as Title VII. *See, e.g., Luckett v. Human Rights Com'n*, 569 N.E.2d 6, 14 (Ill. Ct. App. 1st Dist. 1989) (noting that in evaluating discrimination claims under the IHRA, "Illinois Courts have looked to the standards applicable to analogous federal claims.").

Nowhere in the Complaint does Plaintiff allege any of his religious observances or practices. Neither does he allege that, but for those religious practices, Defendant would not have discriminated against him. Plaintiff states that Defendant "inquired on several occasions about Plaintiff and his family's religious preferences, including to the point of even harassing Plaintiff with questions about the religion he planned to raise his child." *Id.* at 7. Plaintiff implies that Defendant knew about his religious preferences by stating that Defendant "indicat[ed] that his religious preferences were not in line with other employees, including those in management positions" and then "used this information to harass or ostracize" him. *Id.* at 16. However, he provides no facts supporting his assessment that Defendant harassed or ostracized him because of his religious preferences, whatever they may be. Such bare legal conclusions are insufficient to state a claim of religious discrimination. *See, e.g.*, *Twombly*, 550 U.S. 544, 555 (2007) (explaining that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions"). Accordingly, his religious discrimination claim must be dismissed.

## CONCLUSION

As Plaintiff has failed to state a claim of disability or religious discrimination under the IHRA, Defendant's Motion to Dismiss is **GRANTED**. Counts IV and V of the Complaint are **DISMISSED** without prejudice. Plaintiff, however, is **GRANTED** leave to file an amended complaint to address the deficiencies identified in this Order. *See, e.g.*, *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018) (stating that "[u]nless it is certain from the face of the complaint that any amendment would be futile or

otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss.") (citing *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004)). **Plaintiff shall have up to and including April 14, 2025, in which to file his amended complaint.**

**IT IS SO ORDERED.**

**DATED:  March 14, 2025.**

Digitally signed by Judge Sison
Date: 2025.03.14 14:23:48 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**