THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYLER P. PARRENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:24-cv-01370-GCS |
| | ) | |
| | ) | |
| SOLVAY FLUORIDES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Now before the Court is Defendant Solvay Fluorides, LLC's Motion to Dismiss Count V of Plaintiff's Amended Complaint and supporting memorandum. (Doc. 35, 35-1). Count V of Plaintiff's Amended Complaint alleges that the Defendant "interfered with and/or harassed the Plaintiff's exercise" of his religious observances and preferences in violation of the Illinois Human Rights Act ("IHRA"), 775 ILL. COMP. STAT. § 5/1-101, *et seq.* (Doc. 31, p. 11-12). Defendant argues that the Amended Complaint fails to allege facts that support a religious discrimination claim under the IHRA. (Doc. 35-1, p. 1). Plaintiff filed a Response to Defendant's Motion to Dismiss on May 5, 2025; Defendant filed a Reply on May 9, 2025. (Doc. 37, 38). For the reasons given below, the Court **DENIES** Defendant's Motion to Dismiss Count V of Plaintiff's Amended Complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2025, Plaintiff filed an Amended Complaint against Defendant alleging, *inter alia*, that Defendant discriminated against him based on religion in

Page 1 of 6

violation of the IHRA. (Doc. 31).

Plaintiff alleges he was employed as a technical services specialist by Defendant, where he provided maintenance services from October 24, 2022, until his termination on October 12, 2023. (Doc. 31, p. 1). At some point prior to his termination, Plaintiff reported to unspecified government officials that Defendant's trucks were unsafe and not fit for the road. *Id.* at p. 1-2. He also told his management that the trucks were unsafe, that a recently deceased trucker's death should have been reported, and that he would not participate in Defendant's illegal activities. *Id.* at p. 2. Following Plaintiff's conversations with the government and Defendant's management, he experienced "conduct designed to result in [his] termination." *Id.* at p. 2. This included inquiries and harassment from other employees about his religious beliefs and preferences. *Id.* Plaintiff observes the Jewish tradition of *kashrut*, which prohibits the mixing of meat and dairy products, and he raises his children in the Jewish faith. *Id.* at p. 11. Plaintiff told Defendant about these religious preferences and observances. Plaintiff claims that Defendant discriminated against him by i) serving only lasagna, which Plaintiff cannot eat, at a Christmas celebration or celebrations, ii) interrogating/harassing Plaintiff about raising his daughter in the Jewish faith, and iii) indicating that Plaintiff's religious preferences were not the same as those of other employees. *Id.* at p. 11-12.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. PROC. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the

Court must accept all allegations in the complaint as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citation omitted). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

"A claim has facial plausibility when the plaintiff pleads actual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). However, if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle [him] to relief[,]" the Court must dismiss the claim. *Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001) (citation omitted).

### DISCUSSION

As a preliminary matter, Illinois courts evaluating discrimination claims under the IHRA apply the same standards as those in Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). *See, e.g.*, *Volling v. Kurtz Paramedic Services, Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (stating that "Illinois courts apply the federal Title VII framework to IHRA claims.") (citing *Rabé v. United Air Lines, Inc.*, 971 F.Supp.2d 807,

Page 3 of 6

821 (N.D. Ill. 2013)); *Zaderaka v. Illinois Human Rights Com'n.*, 545 N.E.2d 684, 687 (Ill. 1989) (adopting analytical framework established in Supreme Court decisions addressing Title VII claims for employment discrimination claims under the IHRA); *Tate v. Dart*, 51 F.4th 789, 793 (7th Cir. 2022) (noting that frameworks for IHRA and ADA analysis are "practically indistinguishable."). The Court will use these statutory frameworks to evaluate Count V of the Amended Complaint.

The parties agree that the Amended Complaint must sufficiently plead the following elements of a religious accommodation claim. (Doc. 35-1, p. 2-3; Doc. 37, p. 1). These elements are "(1) the observance or practice conflicting with an employment requirement is religious in nature; (2) the employee called the religious observance or practice to the employer's attention; and (3) the religious observance or practice was the basis for the employee's discharge or other discriminatory treatment." *Adeyeye v. Heartland Sweeteners*, *LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (citation omitted) (internal quotations omitted). The Amended Complaint fails to sufficiently plead a conflict between Plaintiff's religious observances and practices.

The first element of a religious accommodation claim under the IHRA requires two things: an observance or practice that is religious in nature and that such observance or practice conflicts with an employment requirement. *Id.* Plaintiff's observance of *kashrut* and the decision to raise his daughter in the Jewish faith are plainly religious in nature. However, as Defendant correctly notes, Plaintiff has not alleged that these religious observances and practices conflict with an employment requirement. (Doc. 35-1, p. 3-4). In *Adeyeye*, there was a conflict between the plaintiff's religious obligation to perform

Page 4 of 6

burial rites and the defendant employer's leave policy. *Id.* at 449. By contrast, the allegations in the Amended Complaint do not mention or support an inference of any employment requirement, let alone an employment requirement that conflicts with Plaintiff's religious observances and practices. In other words, it fails to state a claim for failure to accommodate Plaintiff's religion.

However, that is not the end of the Court's analysis. Failure to accommodate Plaintiff's religion is not the only cause of action pled under Count V in the Amended Complaint. While the failure to accommodate claim is Plaintiff's primary allegation, the complaint also pleads religious harassment in the alternative. Rule 8 of the Federal Rules of Civil Procedure permits alternative pleading, and while most alternative pleadings use "either-or" language to signal the alternative legal theories that have been pled, there is no requirement that a complaint use that precise language. Rather, a complaint must use language from which it can be reasonably inferred that there is an alternative pleading. *See Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000). Plaintiff has done so here. Count V of the amended complaint alleges that Defendant "interrogated **and/or harassed** Plaintiff on his choice and reasons for Plaintiff's desire to raise his daughter in the Jewish faith.") (Doc. 31, p. 11-12) (emphasis added). This language is sufficient for the Court to infer that Plaintiff intended to plead a religious harassment claim in the alternative.

Plaintiff's Amended Complaint states a claim of religious harassment under the IHRA. The IHRA prohibits employers from engaging in harassment of an employee. *See* 775 ILL. COMP. STAT. § 5/2-102(A). The IHRA defines harassment as:

> any unwelcome treatment on the basis of an individual's actual or

perceived . . . religion . . . that has the purpose or effect of substantially interfering with the individual's work performance or creating an intimidating, hostile, or offensive working environment. For purposes of this definition, the phrase "working environment" is not limited to a physical location an employee is assigned to perform his or her duties.

775 ILL. COMP. STAT. § 5/2-101(E-1). Plaintiff has asserted that Defendant, through its employees, engaged in unwelcome treatment by repeatedly questioning Plaintiff about his religious decisions and underscoring that his religious beliefs were different than those of other employees. (Doc. 31, p. 11, 12). Taking the allegations in the Amended Complaint as true, as the Court must at this stage, Plaintiff has stated a viable harassment claim under the IHRA. Thus, the Court cannot dismiss Count V.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count V of the Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 17, 2026.**

Digitally signed by Judge Sison
Date: 2026.03.17
14:23:17 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**